IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  9:12-cv-80732-KLR

JOHN PINSON,

     Plaintiff,

vs.

CAPITAL MANAGEMENT SERVICES, L.P.,

     Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant CAPITAL MANAGEMENT SERVICES, L.P, (hereinafter "CMS" or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and hereby files this, Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law, and states the following in support thereof

### I.    Factual Background and Procedural History

On June 8, 2012, Plaintiff initiated the instant lawsuit by filing a Complaint alleging that Defendant violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* Specifically, Plaintiff alleges that on September 29, 2009, Defendant "initiated a pull of Plaintiff's credit report from Equifax without permissible purpose." *See*, DE 1 at ¶ 3. As a result of the alleged facts, Plaintiff asserts that Defendant "willfully violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report September 29, 2009 without a permissible purpose as defined by 15 U.S.C. §1681b." *See*, DE 1 at ¶ 6(a).

On October 2, 2009, Chase Bank USA, N.A. referred Plaintiff' delinquent credit card account to Defendant for collection. *See*, Declaration of Magnuson at ¶¶ 6 and 7. Defendant did not "pull" Plaintiff's credit report as alleged by Plaintiff on September 29, 2009.  *See*,

Declaration of Magnuson at ¶ 8.  Moreover, even if Defendant "pulled" Plaintiff credit report a later date, Defendant asserts that it did have a "permissible purpose" as defined by the FCRA to pull Plaintiff's credit report thereafter.

## II.      Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party.  *Id.* at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex*, 477 U.S. at 324.  If a plaintiff cannot support each essential element of her claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322-23.

## III.      Legal Arguments

On October 2, 2009, Chase Bank USA, N.A. referred Plaintiff' delinquent credit card account to Defendant for collection. *See*, Declaration of Magnuson at ¶¶ 5 and 6. Defendant did not "pull" Plaintiff's credit report as alleged by Plaintiff on September 29, 2009.  On September 29, 2009, Defendant had not yet received Plaintiff's delinquent credit card account.  *See*, Declaration of Magnuson at ¶ 6.  As such, Defendant could not have "pulled" Plaintiff's credit report as alleged by Plaintiff.

Moreover, Defendant asserts that it is entitled to judgment as a matter of law because, contrary to Plaintiff's contentions, even if Defendant did "pull" Plaintiff's credit report after October 2, 2009, Defendant did have a "permissible purpose" as defined by the FCRA to pull Plaintiff's credit report.

The FCRA provides the following:

(a) In general

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

* * *

(3) To a person which it has reason to believe –

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account of*, the consumer;

15 U.S.C. §1681b(a)(3)(A) (emphasis added).

The FCRA imposes civil liability on any person who willfully or negligently obtains a consumer report for a purpose not authorized by FCRA. 15 U.S.C. §§ 1681b, 1681n(a), 1681o(a); see also *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 36 (3d Cir. 2011). However, the FCRA states that a consumer reporting agency may furnish a consumer report to a person who intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. §§ 1681b(a)(3)(A) (emphasis added),  Therefore, collection of a consumer debt is a permissible purpose under FCRA to acquire a consumer report. *Demaestri v. Asset Acceptance Capital Corp.*, 11-cv-0167 I-WJM -

MJW, 11-cv-01672-WJM-MJW, 2012 WL 1229907 (Mar. 14,2012), report and recommendation adopted by Demaestri 11-cv-1672-WJM-MJW, 2012 WL 1229940 (D. Colo. Apr. 12, 2012) (finding that collection of a debt for services of a utility company was a permissible purpose to obtain a consumer report under FCRA; see also *Huertas v. Galaxy Asset Mgmt.*, 641 F,3d 28, 36 (3d Cir. 2011).

Thus, "[t]o qualify under § 1681b(a), the 'credit transaction' must both (1) be a 'credit transaction involving the consumer on whom the information is to be furnished' and (2) involve 'the extension of credit to, or review or collection of an account of, the consumer.'" *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1112 (9th Cir. 2009). Here, Plaintiff incurred a debt via a credit card account with Chase Bank N.A. Plaintiff does not contest this fact. Plaintiff only questions Defendant's authority to collect on a debt owed to another company. However, Defendant's declaration establishes that Chase Bank N.A. referred Plaintiff's delinquent credit card account to Defendant on October 2, 2009. *See*, Declaration of Magnuson at ¶¶ 7and 8.

Defendant did not "pull" Plaintiff's credit report as alleged by Plaintiff on September 29, 2009. Moreover, if Defendant "pulled" Plaintiff's credit report after October 2, 2009, Defendant asserts that it did have a "permissible purpose" as defined by the FCRA to pull Plaintiff's credit report.

### a.  Credit Transaction Involving the Consumer

The FRCA defines "credit" as the "right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payments or to purchase property or services and defer payment therefor." 15 U.S.C. § 1681a(r)(5)(incorporating 15 U.S.C. § 1691a(d)). In the instant case, Plaintiff's account which was referred by Chase Bank USA, N.A. to Defendant for collection, and in turn caused Defendant to obtain Plaintiff's credit report, was for an unpaid

credit card.  *See*, Declaration of Cory Magnunson at ¶ 7.  The providing of credit via a credit card meets the definition of "credit" under the FCRA because the service is provided before payment is due. *See, Murray v. New Cingular Wireless Services, Inc.,* 432 F.Supp.2d 788, 791 (N.D. Ill. 2006), *affirmed on appeal by Murray v. New Cingular Wireless Services, Inc.,* 523 F.3d 719 (7th Cir. 2008).

### b.  Collection of an Account of the Consumer

As stated *supra*, the FCRA expressly provides that obtaining a consumer's credit report for the purposes of collecting on an account of that consumer is a permissible purpose. 15 U.S.C. §1681b(a)(3)(A).  Additionally, Courts have interpreted §1681b to allow the procurement of a debtor's credit report by a debt collector in connection with the collection of a debt. *See e.g., Huertas v. Galaxy Assest Management,* 641 F.3d 28 (3rd Cir. 2011)(holding that debt collector that sought a credit report on a debtor while attempting to collect on debtor's delinquent credit card account did not violate the FCRA); *Phillips v. Grendahl,* 312 F.3d 357, 366 (7th Cir. 2002) *abrogated on other grounds* (describing purpose under §1681b(a)(3)(A) as "in other words, debt collection"); *McNall v. Credit Bureau of Josephine County*, 689 F.Supp.2d 1265 (D. Or. 2010)(holding that debt collector did not violate the FCRA by obtaining debtor's credit report notwithstanding debt collector's failure to provide validation of the debt to debtor); *Perretta v. Capital Acquisitions & Mgmt. Co.,* 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003)("it appears that if in fact defendant obtained plaintiff's consumer report it was in connection with an effort to collect a debt, plaintiff's FCRA claim fails").

First and foremost, Defendant did not pull Plaintiff's credit report as alleged by Plaintiff on September 29, 2009 as Plaintiff account was not referred to Defendant by the credit on or before such date.  In fact, Plaintiff's account was not referred to Defendant until October 2, 2009.

*See*, Declaration of Magnuson at ¶ 7.  Second, even if Defendant did "pull" Plaintiff's credit report on such date or any date thereafter, because Defendant's procurement of Plaintiff's credit report was for the purpose of collecting on an account belonging to the Plaintiff, Defendant's actions were within the confines of the FCRA.

   IV.        **Conclusion**

Defendant did not "pull" Plaintiff's credit report as alleged by Plaintiff on September 29, 2009.  Moreover, if Defendant "pulled" Plaintiff's credit report after October 2, 2009, Defendant asserts that it did have a "permissible purpose" as defined by the FCRA to pull Plaintiff's credit report.

As such, Plaintiff's claims under the FCRA lack facial plausibility and thus Defendant is entitled to judgment as a matter of law.

WHEREFORE, Defendant respectfully requests an order from this Honorable Court granting Defendant Motion for Summary Judgment and Dismissing Plaintiff's Complaint with Prejudice.

<div style="margin-left: 40%;">

Respectfully submitted by:
<u>Dale T. Golden</u>
**GOLDEN & SCAZ, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Fax: 813-251-3675
Email: dale.golden@goldenscaz.com
Attorneys for Defendant

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day via Fist Class U.S. Mail on Plaintiff, John Pinson, pro se, at 526 Westwood Road, West Palm Beach, Florida 33401.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
Florida Bar No. 0094080