IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-CV-80732-KLR

FILED by D.C.
JAN 28 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHN PINSON,

Plaintiff,

vs.

CAPITAL MANAGEMENT SERVICES LP.

Defendant.

_______________________________/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff asks the court to deny defendant's motion for summary judgment and states:

## Introduction

1

Plaintiff is John Pinson; defendant is Capital Management Services LP.

2

On June 8, 2012, plaintiff sued defendant for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*. [DE-1].

3

On July 6, 2012, defendant caused action to be removed to the Federal Court [DE-1], and on July 9, 2012, defendant filed its answer and affirmative defenses [DE-3].

4

On January 9, 2013, defendant filed a motion for final summary judgment [DE-28] on plaintiff's cause of action for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

5

On January 15, 2013, plaintiff filed his Motion for Enlargement of Time to Respond [DE-30].

6

As of January 28, 2013 the record shows no response from the Court on plaintiff *pro se*'s Motion for Enlargement of Time to Respond [DE 30], nor any notice of summary judgment.

7

Summary judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for defendant's violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*: Defendant obtained plaintiff's credit report without permissible purpose.

## Statement of Facts

8

In order to comport with Local Rule 56.1(a), plaintiff lists as follows:

**a.** Statements of material facts submitted in opposition to motion for summary judgment.

1.) Defendant does not argue that complaint was filed against them.

2.) There is no verified evidence in any form that has been entered into the court record showing plaintiff had an "account" or "debt" with Chase Bank USA, N.A.

3.) There is no verified evidence in any form that has been entered into the court record showing plaintiff had any unpaid or delinquent "account" or "debt" with Chase Bank USA, N.A.

4.) The declaration of Cory R Magnuson represents "CMS's primary business purpose is the collection of debts"[1], but does not allege they are the alleged original creditor.

5.) Defendant's argue that they "did not initiate a pull of plaintiff's credit report from Equifax on September 29, 2009"[2], but they may have obtained plaintiff's credit report on another day with a permissible purpose because of a "reason to believe"[3] as defined by the FCRA, yet the declaration of Cory R Magnuson does not allege defendant had a permissible purpose to obtain plaintiff's credit report.

6.) There is no verified evidence in any form that has been entered into the court record showing defendant was retained to collect a debt from plaintiff.

---

[1] Doc 29, page 1 ¶ 4
[2] Doc 29, page 2 ¶ 9
[3] Doc. 28, page 3

    7.) There is no verified evidence in any form that has been entered into the court record showing defendant did not obtain plaintiff's social security number by fraud or misrepresentation.

8.) Defendant does not argue that: professional judgment was not exercised on the part of defendant before collection efforts commenced; defendant made no inquiry, effort or due diligence to have a reasonable belief creditors representation was valid and debt was owed by plaintiff.

9.) There are no documents purporting to evidence alleged "account" or “debt” to Capital Management Services or any documentation showing the actual existence of any alleged "account" from Chase Bank USA, N.A., or any other entity alleged to be in the chain of ownership.

10.) Other than simple generic, non-specific statements in the declaration made by defendant’s employee there is no verified evidence in any form of any “account” of John Pinson existing that would allow any permissible purpose for defendant to obtain the credit report of plaintiff under FCRA.

**b.** Additional facts plaintiff contends are material:

1.) There is no verified evidence in any form that has been entered into the court record showing the account numbers, amounts alleged to be due, date of origination of the alleged “accounts”, current status, or dates and terms of referral or transfer of ownership of the alleged “accounts”.

2.) There is no statement made in the declaration as to the validity of the alleged “accounts” the defendants are referring to as being “retained to collect” which could give them any permissible purpose to pull the credit report of the Plaintiff even if such “accounts” existed which has not been established through verified evidence before the court.

3.) There is no verified evidence in any form that has been entered into the court record showing defendant was retained to collect from plaintiff.

4.) There is nothing on the record to indicate defendant is anything other than a 3rd part debt collector.

5.) At no time in the declaration of Cory R Magnuson did he state the dates of his employment with Chase Bank USA, N.A. to be able to testify to first-hand information regarding origination, books and records, or retainer to collect, or referral or transfer of ownership of the alleged accounts.

6.) At no time in the Declaration of Cory R Magnuson did he state she was, or ever had been, the custodian of records for or at Chase Bank USA, N.A.

7.) Defendants in their motion indicate they may have obtained plaintiff's credit report on another date but fail to indicate such date.

**Standard of Review**

9

Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

10

A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of its claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant meets its burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

11

In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).

## Argument

12

Plaintiff must prove the following essential elements to sustain a claim for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*. against defendant: Defendant obtained plaintiff's credit report without permissible purpose. Because there is a material fact issue on the element of: Defendant obtained plaintiff's[4] credit report without permissible purpose, defendant is not entitled to summary judgment in this case.

13

For the defendant to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had a permissible purpose to obtain plaintiff's credit report.

14

The defendant must therefore prove through evidence before the court rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

15

The only evidence offered by the defendant is the declaration of Cory R Magnuson, an employee of Capital Management Services, which states nothing more than he is familiar with the alleged account, some basic alleged details, it's alleged chain of ownership, alleged retainer for collection, and the lawsuit filed by the plaintiff.

16

The declaration states there is an account Capital Management Services was "referred" that allegedly originated with Chase Bank USA, N.A. but there is no documentation on the record whatsoever to show that had occurred.

17

There is not one document on the record submitted by the defendant as verified evidence to show the existence of any alleged "account" indicating what type of account it is, who the alleged

---

[4] Doc 23, Exhibit F

original creditor is, its origination date, any amounts that may be owed, any contract, or any identifying information regarding the alleged account.

18

The declaration does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged account where there is no verified evidence of said alleged facts or events before the court.

19

The statements in the declaration is nothing more than hearsay, is not supported by any verified documentation whatsoever and should not be considered by the court.

20

Defendant's argue that they "did not initiate a pull of plaintiff's credit report from Equifax on September 29, 2009"[5], but they may have obtained plaintiff's credit report on another day with a permissible purpose because of a "reason to believe"[6] as defined by the FCRA, yet the declaration of Cory R Magnuson does not allege defendant had a permissible purpose to obtain plaintiff's credit report at any time.

21

The statements are conclusory and insufficient to support Defendant's motion for summary judgment. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without supporting facts have no probative value.") (quoting Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (internal quotation marks omitted); Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir.1985) ("[C]onclusory allegations [in an affidavit] without specific supporting facts have no probative value ."); see also Fed. R. Civ. P. 56(e) ( "[a] supporting or opposing affidavit must be made on personal knowledge"); cf. Ellis v. England, 432 F.3d 1321, 1325-26 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"); Bald Mountain Park Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir.1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment.").

22

---

[5] Doc 29, page 2 ¶ 9
[6] Doc. 28, page 3

The statements in the defendant's motion attempting to use the declaration with no other verified evidence to support it as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. See Celotex Corp. 477 U.S. at 327, 106 S.Ct. at 2555.

**Objections**

23

The evidence submitted in support of defendant's motion should not be considered by the court because it is neither properly authenticated nor admissible. The court should strike the following summary judgment proof:

**a.** Declarations. Defendant relies on a defective declaration.

- Defendant states in their motion they rely solely on an declaration provided by Cory R Magnuson as "Summary Judgment Evidence" where the declaration annexed to this motion is found by plaintiff not properly executed and not follow format provided in 28 USC § 1746 "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

- The declaration fails to follow the prescribed format and fails to show the declarants statement of declaration under penalty of perjury directly above his signature; it does not even appear on the same page as the signature.
- The Declaration refers to facts not in evidence before the court.
- The declaration has not been authenticated before the court and is hearsay.

**Summary Judgment Evidence**

24

In support of his response, Plaintiff includes the following evidence in the attached appendix:

**a.** Affidavits. The affidavit of John Pinson establishes the fact that there is no evidence before the court that there is an account of John Pinson in existence or that Capital Management Services is the owner of any account, or was referred any account and would have permissible purpose to obtain plaintiff's credit report, and John Pinson never gave Capital Management Services permission to obtain his credit report.

**b.** Redacted credit report – as found at DE 23 exhibit F.

**Conclusion**

25

The defendant has not met their burden to show that there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch v. Props*., 140 F.3d at 625. The defendant has proffered nothing more than a generic Declaration from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of being retained to collect, referred or owning or owning an interest in any "account" which would give them permissible purpose to obtain plaintiff's credit report.

27

**WHEREFORE**, because the Defendant has failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendant's motion for

summary judgment, strike the Defendant's declaration and allow Plaintiff's claim, to move forward to trial on the merits.

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, FL
33401
Tel.: 561-329-2524
Email: john@pinson.com

**CERTIFICATE OF SERVICE**

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed January 28, 2013

John Pinson

Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

Counsel of Record for the Defendants
CAPITAL MANAGEMENT SERVICES LP.

# AFFIDAVIT

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 9:12-CV-80732-KLR John Pinson v. Capital Management Services LP:

1. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that Capital Management Services is the owner of any account of John Pinson.
2. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that Capital Management Services acquired any account of John Pinson.
3. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that Capital Management Services acquired any interest in any account of John Pinson.
4. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that Capital Management Services was retained or referred to collect any account of John Pinson as stated in the Declaration of Cory R Magnuson.
5. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that Capital Management Services was retained or referred to collect any account of John Pinson for Chase Bank USA, N.A. as stated in the declaration of Cory R Magnuson.
6. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that there is any account of John Pinson that originated with

Chase Bank USA, N.A. where there is any balance due and owing that could be collected by Capital Management Services.

7. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that there is any account of John Pinson where there is any balance due and owing that could be collected by Capital Management Services.

8. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that there is any permissible purpose for the defendant and/or their counsel in Case No. 9:12-CV-80732-KLR in the United States District Court for the Southern District of Florida, West Palm Beach Division to obtain the credit report of John Pinson.

9. That Affiant/Plaintiff at no time gave permission to Capital Management Services or its council to obtain his credit report.

10. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that Capital Management Services ever had permissible purpose to obtain plaintiff's credit report.

11. Capital Management Services did obtain plaintiff's credit report see DE 23 exhibit F.

12. The Parties are presently active in the discovery process.

13. Plaintiff received answers to discovery on January 28, 2013 which he initially finds insufficient and is attempting to secure a good faith telephone conference to discuss plaintiff's request for better answers to defendant's discovery responses. Motion for enlargement of time.

**NOTARY'S VERIFICATION**

STATE OF FLORIDA

COUNTY OF PALM BEACH

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in West Palm Beach, Florida

January 28, 2013

John Pinson

Name of Notary: Deborah S. Gambarrotti

Signature of Notary:

seal 

Equifax Personal Solutions: Credit Reports, Credit Scores, Protection Against

**PLAINTIFF'S EXHIBIT F**

FILED by ____ D.C.
OCT 2 2 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| Company Information | Date of Inquiry |
|---|---|
| AR-CAPITAL MANGEMENT SERVICES INC | 09/29/09 |