UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80732-CIV-RYSKAMP/HOPKINS

JOHN PINSON,

                              Plaintiff,
v.

CAPITAL MANAGEMENT
SERVICES, L.P.,

                              Defendant.
_____/

## REPORT AND RECOMMENDATION AS TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS (DE 37)

**THIS CAUSE** has come before this Court upon an Order referring Defendant's Motion for Sanctions (DE 37) to the undersigned for a report and recommendation. (DE 38). No response papers were filed in opposition to the motion and the time for doing so has expired. For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Sanctions (DE 37).

## BACKGROUND

In the Complaint, *pro se* Plaintiff alleges that Defendant willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n, by obtaining Plaintiff's consumer credit report on September 29, 2009, without a permissible purpose. (DE 1). Defendant subsequently filed a motion for summary judgment and through the Declaration of Cory R. Magnuson, its general counsel, denied pulling Plaintiff's credit report on September 29, 2009. (DE 29).

On March 4, 2013, the District Court granted Defendant's summary judgment motion and entered final judgment in Defendant's favor. (DE 36). Thereafter, Defendant moved for

sanctions pursuant to Rule 11, claiming that Plaintiff's FRCA claim is "without basis or merit." (DE 37).

## DISCUSSION

### I. Federal Rule of Civil Procedure 11

Rule 11 provides in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . .

Fed. R. Civ. P. 11(b).

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003); *see also Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses"). The objective standard for applying Rule 11 is "reasonableness under the circumstances," and "what was reasonable to believe at the time the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (quotation omitted); *Kaplan*, 331 F.3d at 1255.

The Eleventh Circuit has held that three types of conduct warrant Rule 11 sanctions: when a party (1) files a paper with no "reasonable factual basis;" (2) files a paper based on a legal theory

with "no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law;" or (3) files a paper in "bad faith for an improper purpose." *Deer v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, 2011 WL 1526829, *4 (S.D. Fla. Apr. 1, 2011) *report and recommendation adopted*, 2011 WL 1532064 (S.D. Fla. Apr. 20, 2011)(*quoting Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991).

Notably, Defendant does not specify which of the three types of improper conduct Plaintiff allegedly engaged in, nor does Defendant offer any analysis in its motion as to why Rule 11 sanctions are appropriate against this *pro se* Plaintiff. Moreover, in Plaintiff's objection to this Court's Report and Recommendation on Defendant's motion for summary judgment, he appears to set forth the good faith basis for his belief that Defendant had pulled his credit report for an impermissible purpose. (DE 33).

Based on the foregoing, this Court finds that Rule 11 sanctions against *pro se* Plaintiff are unwarranted. Defendant has failed to satisfy its burden of showing that Plaintiff engaged in improper tactics or did not have a reasonable factual basis for his filings. "The fact that summary judgment was granted and that plaintiff was ultimately unable to establish a *prima facie* case does not establish that sanctions are warranted." *Andre v. CCB Credit Servs., Inc.*, 2010 WL 3222500, *2 (S.D. Fla. July 21, 2010) *report and recommendation adopted*, 2010 WL 3222501 (S.D. Fla. Aug. 13, 2010).

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Sanctions (DE 37).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 31st day of July, 2013, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:  Counsel of Record

John Pinson, *Pro Se* Plaintiff
526 Westwood Road
West Palm Beach, FL 33401